UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP SOKOLICH,

                            Plaintiff,

v.                                                               7:04-CV-1351
                                                                 (TJM/GHL)

SOCIAL SECURITY ADMINISTRATION,

                            Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

PHILIP SOKOLICH
Plaintiff *pro se*
P.O. Box 181
Canton, New York 13617

HON. GLENN T. SUDDABY                         WILLIAM H. PEASE, ESQ.
United States Attorney for the                       Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

       This matter was referred to the undersigned for report and recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the Complaint. (Dkt. No. 7.)  Plaintiff opposes the motion.  (Dkt. No. 12.)  Because I find that Plaintiff did not timely file his Complaint and has not provided any explanation for failing to do so, I recommend that the motion to dismiss be granted.

I.      **PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance benefits (T. at 46-48) and Supplemental Security Income on April 23, 2001. (Administrative Transcript ("T") at 124-125.) The applications were denied on May 24, 2001. (T. at 30-32.) Plaintiff requested reconsideration. (T. at 33-35.) The request for reconsideration was denied. (T. at 36-38.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (T. at 39.) The hearing was held on September 10, 2002. (T. at 151-171.) On February 20, 2003, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 15-21.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 10, 2003. (T. at 6-8.)

Plaintiff *pro se* filed his Complaint in the United States District Court for the District of Columbia. The date stamp on the Complaint indicates that it was filed on December 19, 2003. (Dkt. No. 1.) Defendant moved to dismiss the Complaint on the grounds that it was not timely filed and does not contain an understandable short and plain statement of the claim. (Dkt. No. 7.) Plaintiff opposed the motion. (Dkt. No. 12.) The District of Columbia found that Plaintiff had filed his Complaint in the wrong court and transferred the case to this Court. (Dkt. No. 13.) The transfer order suggested that this Court "determine whether Plaintiff's time for filing should be equitably tolled for three days and whether Plaintiff should be permitted to amend his Complaint." (Dkt. No. 13.)

II.     **DISCUSSION**

Defendant argues that the Complaint should be dismissed because it was not timely filed and does not contain an understandable short and plain statement of the claim. (Dkt. No. 7.)

A final decision of the Social Security Administration must be appealed to federal district court within 60 days of the claimant's receipt of notice of the decision. 42 U.S.C. § 405(g). A claimant is presumed to receive notice of the final decision within five days of the date of the Appeals Council notice. 20 C.F.R. § 422.210(c) (2007); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984). A claimant may rebut this presumption by making "a reasonable showing" that he or she received the notice later. 20 C.F.R. § 422.210(c) (2007). If a claimant files his or her complaint more than 60 days after receiving the notice of decision, the failure to file a timely complaint may be excused under the doctrine of equitable tolling. *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990). "The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If a claimant fails to timely file his or her complaint and does not demonstrate that the statute of limitations should be equitably tolled, the complaint is subject to dismissal for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). *Matsibekker*, 738 F.2d at 80.

Here, the Appeals Council notice is dated September 10, 2003. (T. at 6.) Under the Regulations, Plaintiff is presumed to have received the notice on Monday, September 15, 2003. 20 C.F.R. 422.210(c) (2007). Plaintiff's opposition to the Motion to Dismiss does not contain any information rebutting that presumption. Having received notice of Defendant's decision on September 15, 2003, Plaintiff was required to file his Complaint no later than Friday, November

3

14[1], 2003.  Plaintiff did not file his Complaint until December 19, 2003[2].  (Dkt. No. 1.)  Nothing in Plaintiff's opposition shows that equitable tolling should apply.  Plaintiff argues only that Defendant's decision to deny him benefits was incorrect: he does not provide any evidence that he pursued his rights diligently or that extraordinary circumstances prevented him from timely filing his Complaint.  (Dkt. No. 12.)  The mere fact that a party is proceeding *pro se* and is unfamiliar with the legal process does not merit equitable tolling.  *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000); *Khan v. United States*, 414 F. Supp. 2d 210, 216-217 (E.D.N.Y. 2006).  Accordingly, Plaintiff's Complaint was not timely filed, the statute of limitations should not be equitably tolled,  and the Complaint should be dismissed.

Because I conclude that Plaintiff's Complaint was not timely filed and that equitable tolling does not apply, I will not address Defendant's argument that the Complaint fails to include an understandable short and plain statement of the claim.

**WHEREFORE,** it is hereby

**RECOMMENDED** that the Court dismiss the Complaint under Federal Rule of Civil

---

[1] Defendant's points and authorities assert that the Complaint should have been filed by November 17, 2003.  (Dkt. No. 7.)

[2] Defendant's points and authorities assert that the back of the original Complaint bore a stamp showing that the District of Columbia received it on November 20, 2003.  (Dkt. No. 7.)  The District of Columbia's transfer order suggests that this Court "determine whether Plaintiff's time for filing should be equitably tolled for three days."  This indicates that the court had some evidence before it that the District of Columbia did, indeed, receive the Complaint on November 20, 2003.  (Dkt. No. 13.)  This Court does not have access to the original Complaint.  However, even if one assumes that Plaintiff's Complaint arrived at the courthouse on November 20, the statute of limitations had already expired.

Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: November 5, 2007
       Syracuse, New York

                                          George H. Lowe
                                          United States Magistrate Judge