UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**PHILIP SOKOLICH,**

            **Plaintiff,**

v.                                       **7:04-CV-1351
                                                            (TJM/GHL)**

**SOCIAL SECURITY ADMINISTRATION,**

            **Defendant.**

---

**Thomas J. McAvoy, Senior U.S. District Judge**

## DECISION and ORDER

This matter was referred to the Hon. George H. Lowe, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.3(d) of the Local Rules of the Northern District of New York. In a Report and Recommendation dated November 5, 2005 ("Report-Recommendation"), Magistrate Judge Lowe recommended that the Court dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) on the grounds that it was filed beyond the 60-day limitation period set forth in 42 U.S.C. § 405(g). Plaintiff filed objections to the Report-Recommendation. See Objections [dkt. # 18 & # 19]. Liberally construed, Plaintiff's objections are based on his contentions that (1) the undersigned should recuse himself in this matter because the Court dismissed prior cases brought by Plaintiff, see Obj. [dkt. # 18],[1] and (2) his claim for

---

[1] Plaintiff's first objection is simply a statement that he filed "official reports . . . to the US DOJ Office of Inspector General and the US DOJ Office of Professional Responsibility which removes Judges . . . from Office for misconduct." See Obj. [dkt. # 18]. The attachment to the objection is purportedly a letter to "US DOJ OIG Glenn Fine, US DOJ OPR H. Marshall Jarrett" in which Plaintiff asserts that "Judge McAvoy has fraudulently, wrongfully, and illegally dismissed virtually all U.S. District Court Actions [*sic*] . . . after all legal
(continued...)

1

social security disability benefits is meritorious.  See Obj. [dkt. # 19].

When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record *de novo*.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The [Court] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.  After reviewing the matter *de novo* and examining Plaintiff's objections closely, the Court determines to adopt the Report and Recommendation.

Plaintiff's argument for recusal lacks merit.  "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over the case.  Litigants are entitled to an unbiased judge; not to a judge of their choosing."  In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted), cert, denied, 490 U.S. 1102 (1989); see United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992); United States v. Terry, 802 F. Supp 1094 (S.D.N.Y. 1992).  For this reason, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."  In re Drexel Burnham Lambert, Inc., 861 F.2d at 1312.  "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."  Liteky v. U.S., 510 U.S. 540, 551, 114 S. Ct. 1147, 1155 (1994); Whitfield v. Bennett, 2007 WL 3232499 at *10 (W.D.N.Y. 2007) see  Hughes v.

---

[1](...continued)
requirements were met . . . ."  Id.  The Court interprets this argument to be an application for the undersigned to recuse himself because of prior rulings.

City of Albany, 33 F. Supp.2d 152 (N.D.N.Y. 1999) (applying the same standard when the argument for recusal is made by a plaintiff who had a prior action before the same judge), aff'd, 189 F.3d 461 (2d Cir. 1999).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.  Plaintiff provides nothing beyond his own conclusion that his prior actions were dismissed "after all legal requirements were met." See Obj., Attach.  [dkt. # 18].  Such a self-serving contention is insufficient to warrant recusal and the Court finds no basis for recusal. Thus, to the extent Plaintiff seeks recusal of the undersigned, the application is denied.

Plaintiff also fails to provide any basis upon which to conclude that the present action was timely commenced. Plaintiff has neither disputed Magistrate Judge Lowe's conclusion that the Complaint was filed beyond the applicable time period set forth in 42 U.S.C. § 405(g), nor offered any reason why the doctrine of equitable tolling should be applied in this case.  Thus, the Court adopts Magistrate Judge Lowe's conclusion that the Complaint was untimely filed.  Inasmuch as the Complaint was untimely filed, it must be dismissed and there exists no reason to review its merits.

Therefore, Defendant's motion is **GRANTED** and the Complaint is **DISMISSED**.
**IT IS SO ORDERED.**

Dated: February 19, 2008

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge